UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

HENRY BARROW,
    Plaintiff,

vs.                                                                  09-1127,

DR. KOKO, et. al.,
    Defendants.

## CASE MANAGEMENT ORDER

    This cause is before the court for case management and consideration of various pending motions including the plaintiff's motions for appointment of counsel [d/e 10, 19 ]; the plaintiff's motion for an extension of time to serve Defendant Koko [d/e 18]; and the plaintiff's motion for a subpoena. [d/e 20].

### I. BACKGROUND

    The plaintiff, Henry Barrow, filed this lawsuit pursuant to 42 U.S.C. §1983 against six defendants at the Pontiac Correctional Center including Dr. Koko, Warden Eddie Jones, Dr. Garlick, Dr. Alton Angus, Nurse Jessica Johnson and Correctional Officer Woods.  On May 8, 2009, the court conducted a merit review of the plaintiff's complaint and found that he had adequately alleged that all of the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical needs.  May 8, 2009 Merit Review Order.

    Specifically, the plaintiff claims he suffers from mental health problems, but Dr. Koko discontinued his medication which the plaintiff said lead to suicidal thoughts. (Comp, p. 5).  The plaintiff says he complained to all of the named defendants, but they took no action.  In addition, the plaintiff says on one occasion he cut his wrists, but Defendants Woods and Johnson refused to provide medical care.  Finally, the plaintiff alleges that Dr. Angus and Dr. Garlic refused to provide care to prevent him from further injury due to his mental health problems.

### II. MOTIONS FOR APPOINTMENT OF COUNSEL

    The plaintiff has filed a motion for appointment of counsel [d/e 10] and a motion for a hearing on his motion [d/e 19].  The plaintiff says he has a psychological disorder.  The plaintiff has attached an "Initial Evaluation" to his motion that is dated June 29, 2007.  In the evaluation, a psychiatrist notes that the plaintiff does have a history of schizophrenia and is receiving medication for his condition.

    In considering the plaintiff's motion for appointment of counsel, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).

The plaintiff has provided letters demonstrating that he has attempted to find counsel. [d/e 22]. The court finds that the plaintiff has made a reasonable attempt to obtain counsel. [d/e 22] In addition, the court finds that at this point in the litigation, the plaintiff does appear competent to litigate his claims.

First, the plaintiff's pleadings are clear, succinct and on point. The plaintiff has also filed appropriate motions in this case. Second, the plaintiff is an experienced litigator. The plaintiff represented himself in two cases filed in the United States District Court for the Southern District of Illinois: *Barrow v Dr. Vallabhanei,* Case No. 04-161 and *Barrow v. Peat,* Case No. 01-735. In addition, the plaintiff is currently representing himself in the United States District Court for the Northern District of Illinois in *Barrow v Herniaz,* Case No. 09-2347 and in a case before this court, *Barrow v. Jones,* Case No. 08-1376.

Third, the documentation presented by the plaintiff does not demonstrate that he is currently precluded from investigating the facts that give rise to his complaint. In addition, the court notes this is not the first time the plaintiff has raised a similar claim. In *Barrow v Dr. Vallabhanei*, the plaintiff claimed that defendants at Menard Correctional Center were deliberately indifferent to his serious medical condition when he was denied psychotropic medication. The court's ruling on the summary judgement motion indicates that there was some disagreement as to whether the plaintiff really suffered from a mental illness. One doctor thought the plaintiff "showed signs of manipulative behavior." (Case No. 04-161, September 6, 2006 Report and Recommendation, p. 3).

Finally, the court grants *pro se* litigants wide latitude in the handling of their lawsuits. While the plaintiff's claim does involve his medical care, at this point in the litigation, the court believes the plaintiff is capable of conducting discovery. The court may consider appointment of counsel at a later point in this litigation. The motions are denied.

### III. SERVICE OF PROCESS

The plaintiff is proceeding *in forma pauperis* in this case. On September 9, 2009, the court sent out notice of lawsuit and waiver of service forms to all the named defendants. [d/e 9] On September 17, 2009, those documents were returned unexecuted for Defendants Koko and Jessica Johnson. These individuals did not work for the Department of Corrections, but instead for Wexford Health Sources. On the same day, the Clerk of the Court resent notice of lawsuit and waiver of service forms to Defendants Koko and Johnson at the Wexford address. [d/e 11].

The documents were again returned unexecuted. Defendant Johnson no longer works for Wexford Health Sources, but the company appropriately provided her last known address. A new waiver and notice was sent to this address, and was again returned to the clerk of the court on October 9, 2009 as undelivered.

The waiver for Dr. Soberekon Koko was also returned to the clerk by Wexford indicating that Dr. Koko was never an employee. The plaintiff was notified that the defendant had not been served.

The plaintiff has appropriately responded asking for additional time to serve Defendant Koko. [d/e 18] The plaintiff has also filed a motion for a "Subpoena in a Civil Case" asking the court to compel the Department of Corrections and Wexford to provide all known addresses for

these individuals. [d/e 20].  The plaintiff's motion for an extension of time to serve both defendants is granted. [d/e 18].  The motion for additional information is denied. [d/e 20].  Both employers have provided information concerning last known addresses.

The court will order the United States Marshal to attempt personal service on Defendant Johnson at her last known address.   However, both the Department of Corrections and Wexford state that Dr. Koko was not their employee. The court will address the status of this defendant at the upcoming December 7, 2009 hearing scheduled pursuant to Rule 16 of the Federal Rules of Civil Procedure.

The plaintiff should be prepared to give additional information concerning this individual. Is it possible the name is misspelled?  Did he see this doctor at the institution or was he a doctor employed by an outside hospital?   Defense counsel must also be prepared to explain whether there was a Dr. Koko who saw the plaintiff and if so, who did he work for?  The plaintiff states that he saw this doctor on December 19, 2008.  Which doctor performed an evaluation on this day?

**IT IS THEREFORE ORDERED that;**

**1) The plaintiff's motions for appointment of counsel are denied. [d/e 10, 19]**

**2) The plaintiff's motion for additional time to serve the defendants is granted. [d/e 18]**

**3) The plaintiff's motion for an order requesting additional address information for Dr. Koko and Johnson is denied. [d/e 20].  The Illinois Department of Corrections and Wexford have already provided this information.**

**4) The court will order the U.S. Marshal to attempt personal service of process on Defendant Jessica Johnson are her last known home address.  The clerk of the court is to provide the appropriate service forms to the Marshal along with a copy of the complaint, merit review order and this case management order.   The U.S. Marshal must attempt service of process on Defendant Johnson within the next 45 days.**

**5) The court will address the identity and whereabouts of Defendant Dr. Koko during the December 7, 2009 hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure.  Both the plaintiff and defense counsel should be prepared to provide additional information as noted in this order.**

Entered this 6th Day of November, 2009.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE